IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 2:23-cr-309-ECM |
| | )                [WO] |
| MICHAEL GOLDEN | ) |
| VANSHUN TRAYWICK | ) |
| RUFUS FLANAGAN | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Michael Golden's revised motion to continue plea/trial date (doc. 103) filed on April 1, 2024. The Court held a status conference regarding the motion on April 4, 2024. Jury selection and trial are presently set on the term of court commencing on April 22, 2024. For the reasons stated at the status conference and set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including

delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Defense counsel represented to the Court that additional time is needed to adequately prepare for trial. Counsel for Defendant Vanshun Traywick ("Traywick") further advised that Traywick is in the process of trying to retain new counsel and that new counsel would need additional time to prepare for trial. Additionally, counsel for Rufus Flanagan advised that additional time is needed for plea negotiations. Defense counsel represented that all Defendants are in favor of a continuance, and the United States does not oppose a continuance. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the revised motion to continue plea/trial date (doc. 103) is GRANTED as to all Defendants, and jury selection and trial are CONTINUED from April 22, 2024 to the criminal term of court set to commence on **June 17, 2024 at 10:00 a.m.** in **Montgomery**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the June 2024 trial term.

Done this 4th day of April, 2024.

                                /s/ Emily C. Marks
                           EMILY C. MARKS
                           CHIEF UNITED STATES DISTRICT JUDGE